**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Case No. 1:16-cv-00127-MR
[Criminal Case No. 1:10-cr-00067-MR]**

| | | |
|---|---|---|
| **JOSEPH ABDUL HENDRIX,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence, which he filed pursuant to 28 U.S.C. § 2255 [Doc. 1].

On February 11, 2011, Petitioner pleaded guilty pursuant to a written plea agreement to one count of robbery affecting interstate commerce and aiding and abetting the same, in violation of 18 U.S.C. §§ 1951 and 2 (Count 1); and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count 4). [Crim. Case No. 1:10-cr-00067, Doc. 21: Plea Agreement ("CR"); Doc. 1: Bill of Indictment]. After reviewing Petitioner's presentence report ("PSR"), the Court found that Petitioner qualified as a career offender. On November 23, 2011, Petitioner was sentenced to a term

of 170 months' imprisonment.  [CR Doc. 39: PSR ¶ 34; Doc. 52: Judgment].

Petitioner did not file a direct appeal.

On August 24, 2015, Petitioner filed a *pro se* § 2255 motion to vacate,

challenging his designation as a career offender pursuant to Johnson v.

United States, 135 S. Ct. 2551 (2015).  [Civil Case No. 1:15-cv-00183-MR,

Doc. 1: Motion to Vacate].   On April 27, 2016, the Court ordered the

Government to file a response to Petitioner's motion by June 27, 2016.  [Id.,

Doc. 2: 60-Day Order].

On May 6, 2016, Petitioner filed the present § 2255 motion, again

arguing that he is entitled relief from his career offender designation based

on the holding in Johnson but also citing the Supreme Court's recent decision

in Welch v. United States, 136 S.Ct. 1257 (Apr. 18, 2016), in which the

Supreme Court held that Johnson is retroactive to cases on collateral review.

Upon review of Petitioner's motion, the Court concludes that Petitioner's

present § 2255 motion to vacate should be treated as a motion to supplement

his initial § 2255 motion, and the present case should be closed in order to

preserve judicial resources.

Petitioner also moves for the appointment of counsel.  [Doc. 2].  On

November 17, 2015, the judges of this Court issued a Standing Order

appointing the Federal Defender to represent any defendant who was

previously determined to have been entitled to appointment of counsel, or who is now indigent, to determine whether that defendant is eligible for relief under <u>Johnson</u>. <u>Standing Order in re: Johnson v. United States</u>, No. 3:13-mc-00196-FDW (W.D.N.C. Nov. 17, 2015). The Defendant was previously determined to be indigent. As the Defendant appears to fall within the purview of this Court's Standing Order, his request for the appointment of counsel is moot.

**IT IS, THEREFORE, ORDERED** that the Clerk shall file this Motion to Vacate [Doc. 1] in Case No. 1:15-cv-00183-MR as a supplemental Motion to Vacate.

**IT IS FURTHER ORDERED** Petitioner's Motion to Appoint Counsel [Doc. 2] is **DENIED AS MOOT**.

The Clerk is directed to close this civil case.

**IT IS SO ORDERED**.

Signed: May 13, 2016

Martin Reidinger
United States District Judge