THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:10-cr-00067-MR-WCM-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JOSEPH ABDUL HENDRIX, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 89].

The Defendant seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and the Coronavirus Aid, Relief and Economic Security ("CARES") Act, Pub. L. No. 116-136, 134 Stat. 281 (Mar. 27, 2020). [Doc. 89]. Specifically, the Defendant asserts that compassionate release is warranted in light of the ongoing COVID-19 pandemic and the increase in the number of cases within the Bureau of Prisons ("BOP").

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling

reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Court of Appeals for the Fourth Circuit has made it explicitly clear that a district court has no authority to modify a sentence except in the narrow circumstances and procedures set forth in § 3582. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010).

The Fourth Circuit has not yet ruled on whether the threshold requirements in § 3582(c)(1)(A) are jurisdictional or merely a claims-processing rule. This Court, however, need not decide that issue in order to resolve the present motion. Either way, the Defendant must either exhaust his administrative remedies with the BOP or wait 30 days after submitting a request to the BOP before filing a motion for compassionate release in this Court. See Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); United States v. Williams, No. CR JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (denying motion for reduction of sentence because defendant failed to exhaust his

administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional). Here, the Defendant fails to assert in his motion that he has submitted a request for compassionate release to the warden of his Bureau of Prisons facility or that he has otherwise exhausted his administrative remedies. As such, the Court cannot grant the requested relief. Accordingly, the Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is denied without prejudice.

The Court commends the Defendant on the progress he reports that he has made during his incarceration. This, however, does not overcome the Defendant's failure to come within the purview of § 3582(c)(1)(A).

As for the Defendant's request for relief under the CARES Act, the Defendant's motion also must be denied. The discretion to release a prisoner to home confinement lies solely with the Attorney General. See 18 U.S.C. § 3624(c)(2); 34 U.S.C. § 60541(g). The legislation recently passed by Congress to address the COVID-19 pandemic does not alter this. See CARES Act, Pub. L. No. 116-136, 134 Stat 281, 516 (2020) ("During the covered emergency period, if *the Attorney General* finds that emergency conditions will materially affect the functioning of the Bureau [of Prisons], the *Director of the Bureau* may lengthen the maximum amount of time for which

*the Director* is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, *as the Director determines appropriate.*") (emphasis added). As such, this Court lacks the authority to order the Defendant's release. Deffenbaugh v. Sullivan, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *1 (E.D.N.C. Apr. 23, 2019); United States v. Overcash, No. 3:15-CR-263-FDW-1, 2019 WL 1472104, at *3 (W.D.N.C. Apr. 3, 2019) (noting that there is "no provision for judicial review of the BOP's and Attorney General's decision with regards to a request for home detention under § 60541(g)"); United States v. Curry, No. 6:06-082-DCR, 2019 WL 508067, at *1 (E.D. Ky. Feb. 8, 2019) ("Because the First Step Act gives the *Attorney General* the discretion to determine if and when home confinement is appropriate, this Court does not have the authority to grant the requested relief.") (emphasis in original).

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 89], is **DENIED**. Such denial is **WITHOUT PREJUDICE** to refiling after the Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a

4

Case 1:10-cr-00067-MR-WCM    Document 90    Filed 05/11/20    Page 4 of 5

motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the Defendant's facility, whichever is earlier.

Signed: May 11, 2020

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge