THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:10-cr-00067-MR-WCM-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| JOSEPH ABDUL HENDRIX, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Reconsideration" [Doc. 92].

On May 11, 2020, the Court entered an Order denying the Defendant request for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and the Coronavirus Aid, Relief and Economic Security ("CARES") Act, Pub. L. No. 116-136, 134 Stat. 281 (Mar. 27, 2020). [Doc. 90]. The Defendant now moves for reconsideration of that Order and specifically requests that the Court transfer him to a halfway house placement or home confinement to serve out the duration of his sentence. [Doc. 92].

As the Court previously explained [Doc. 90], the discretion to release a prisoner to home confinement lies solely with the Attorney General. See 18 U.S.C. § 3624(c)(2); 34 U.S.C. § 60541(g). The legislation recently

passed by Congress to address the COVID-19 pandemic does not alter this. See CARES Act, Pub. L. No. 116-136, 134 Stat 281, 516 (2020) ("During the covered emergency period, if *the Attorney General* finds that emergency conditions will materially affect the functioning of the Bureau [of Prisons], the *Director of the Bureau* may lengthen the maximum amount of time for which *the Director* is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, *as the Director determines appropriate*.") (emphasis added). As such, this Court lacks the authority to order the Defendant's release to home confinement. Deffenbaugh v. Sullivan, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *1 (E.D.N.C. Apr. 23, 2019); United States v. Overcash, No. 3:15-CR-263-FDW-1, 2019 WL 1472104, at *3 (W.D.N.C. Apr. 3, 2019) (noting that there is "no provision for judicial review of the BOP's and Attorney General's decision with regards to a request for home detention under § 60541(g)"); United States v. Curry, No. 6:06-082-DCR, 2019 WL 508067, at *1 (E.D. Ky. Feb. 8, 2019) ("Because the First Step Act gives the *Attorney General* the discretion to determine if and when home confinement is appropriate, this Court does not have the authority to grant the requested relief.") (emphasis in original).

The Court similarly lacks the authority to order the Defendant to be placed in a halfway house. The Bureau of Prisons has the sole authority to designate the location of an inmate's place of imprisonment. 18 U.S.C. § 3621(b). Before seeking relief from any court regarding the designation of the place of confinement, a defendant must exhaust all administrative remedies through the Bureau of Prisons. See, e.g., Richmond v. Scibana, 387 F.3d 602, 604 (7th Cir. 2004). Once all administrative remedies have been exhausted, a defendant may challenge his designation of placement only by filing the appropriate pleading in the district court located in the district of confinement, not the sentencing court. See Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002).

**IT IS, THEREFORE, ORDERED** the Defendant's "Motion for Reconsideration" [Doc. 92] is **DENIED**.

**IT IS SO ORDERED.**   Signed: June 27, 2020

Martin Reidinger
Chief United States District Judge